## THE STATE OF KANSAS v. JOHN ROOK.

1. LARCENY — *Name of Owner of Stolen Property.* In charging the commission of a larceny, the full Christian name of the owner of the stolen property should be given, if known, and where it is unknown that fact should be stated; and the defendant may take advantage of a defect in this respect where the objection is seasonably made.

2. OWNER — *Full Name, Not Given — Objection, too Late.* The information charged that P. Johnson was the owner of the property taken, while it was shown that his full name was Peter Johnson, and the only Johnson mentioned upon the trial. No objection was made that the full name of the owner was not given in the information, nor any question raised concerning it, until after the trial and verdict, when a motion in arrest of judgment was filed. *Held*, That the objection came too late, and was not then available to the defendant.

3. VALUE OF PROPERTY — *Instruction, Not Erroneous.* Under the testimony in the case, the giving of an instruction which stated that "the value of the property is not necessarily what Johnson may have paid for it, nor is it necessarily what it might have been sold for at a second-hand store or pawn-shop, or what it might bring at a forced sale, or at any sale at public auction, but the real test is, what was the property worth in the neighborhood where it was taken at the time it was taken?" was not error.

4. INSTRUCTION, *Not Given — No Error.* The omission to charge the jury upon some particular phase of the case, and for which no request was made, is not error.

*Appeal from Shawnee District Court.*

PROSECUTION for grand larceny. Trial at the April term, 1889. The defendant *Rook* was found guilty, and sentenced for five years. He appeals. The opinion states the facts.

*Case & Curtis,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant was convicted of grand larceny upon an information which charged that "John Rook . . . on the — day of March, A. D. 1889, did then and there unlawfully, willfully and feloniously take, steal and carry

away one set of double harness of the value of $26, the personal property of P. Johnson; contrary to the statute," etc.

The principal objection urged against the conviction is, that the information does not set forth the full Christian name of the owner of the property stolen, and in this connection it is urged that there was a variance between the allegations and the proof. It is charged to have been the property of P. Johnson, while the proof discloses that it was owned by Peter Johnson. The information was defective. In a charge of larceny the full Christian name, as well as the surname, of the owner should be stated, if known, and in cases where they are unknown that fact should be alleged. The defendant, however, is not in a position to avail himself of the defect, as it was not brought in question until after the verdict, and only upon a motion in arrest of judgment. If the sufficiency of the information had been challenged by a motion to quash, or other proper objection, the information could have been amended in this particular; but he chose to accept the chances of a trial, and only raised the question after an adverse verdict had been given. "P" is the initial letter and abbreviation of "Peter," and the evidence on the trial indicated plainly enough that P. Johnson and Peter Johnson are one and the same person. This was taken for granted during the trial by all the parties, and naturally enough, too, as in the ordinary affairs of life the initials, instead of the full Christian name, are generally used. As said by Mr. Justice VALENTINE in *Ferguson v. Smith*, 10 Kas. 402:

"The full Christian name is now seldom written anywhere Search the records of our courts, our statutes, the lists of members of the legislature, election returns, written contracts, and other written instruments, newspapers, etc., and everywhere it will be found that as a rule the initials only of the Christian name are used."

It appears that no prejudice was suffered by the defendant from the omission during the trial, and none can be, so far as a future prosecution is concerned, because he may show that the names stood for one and the same person. The motion

in arrest of judgment only raised the question of whether the facts alleged constituted a public offense, and defects like this which might have been availed of by a motion to quash or to amend, cannot be taken advantage of after trial and verdict. It is also claimed that the description of the property stolen was not sufficiently full; but this objection, like the other, comes too late. (*The State v. Knowles,* 34 Kas. 393; *City of Kingman v. Berry,* 40 id. 625. See also *The State v. Jackson,* 27 Kas. 582; *The State v. Harp,* 31 id. 498.)

Complaint is made that no special instructions with regard to the testimony of an accomplice and the credit to be placed upon his testimony, were given by the court. No such instructions were asked for by the defendant, and hence no reversible error was committed by its failure to give them. (*Douglass v. Geiler,* 32 Kas. 499; *The State v. Pfefferle,* 36 id. 96; *The State v. Peterson,* 38 id. 204.)

Further complaint is made of an instruction in respect to the value of the property. It is as follows:

"The value of the property is not necessarily what Johnson may have paid for it, nor is it necessarily what it might have been sold for at a second-hand store or pawn-shop, or what it might bring at a forced sale, or at any sale at public auction, but the real test is, what was the property worth in the neighborhood where it was taken at the time it was taken?"

The appellant fails to point out what the fault is in the instruction, and, under the testimony, we fail to find that there was any error committed in giving it. The case was fairly presented to the jury, and manifestly a correct result was reached.

The judgment of the district court will be affirmed.

All the Justices concurring.