No. 22,626.

THE STATE OF KANSAS, *Appellee*, v. HARRY DAVIS, *Appellant*.

SYLLABUS BY THE COURT.

1. ARSON—*Information—Motion to Quash—Election of Offenses.* An information drawn under section 3425 of the General Statutes of 1915 was susceptible of the construction that it charged two offenses committed by one act. A motion to quash, alleging that the information attempted to charge two distinct crimes in one and the same count was denied. Then a motion filed by the defendant asking the court to require the state to elect on which of the two offenses charged it would proceed to try the defendant was allowed, and the state made its election. *Held,* that no reversible error was committed.

2. SAME—*Amendment of Information—Description of Property.* It is not reversible error to permit an information drawn under section 3425 of the General Statutes of 1915 to be amended concerning the description of the real property on which the offense was alleged to have been committed, if the amended description corresponds with that contained in the complaint on which the warrant was issued.

3. SAME—*Incorporation of Insurance Company Not Alleged—Too Late to Object After Verdict.* After trial and verdict on an information charging the burning of property with intent to defraud the insurer thereof, it is too late to object for the first time to the information on the ground that it does not allege the incorporation of the insurance company.

4. SAME — *Ownership of Property Burned Not Alleged — Too Late to Raise Question on Motion in Arrest of Judgment.* An objection to an information drawn under section 3425 of the General Statutes of 1915,

that the information does not allege the ownership of the property burned, comes too late when first presented in a motion in arrest of judgment after trial and verdict.

5. SAME—*No New Arraignment After Amendment of Information.* It is not error to place a defendant on trial without rearraignment, if he does not object, where the information has been properly amended after arraignment.

6. SAME—*No Allegation that the Property Burned Was Insured.—Too Late to Object After Verdict.* An information drawn under section 3425 of the General Statutes of 1915 alleged that the defendant burned property to defraud the insurers thereof, but did not specifically allege that the property was insured. After trial and verdict, it is too late to object, for the first time, that the information did not allege that. the property was insured.

7. SAME—*Evidence.* There was no reversible error in admitting or in excluding evidence.

8. SAME—*Omission to Instruct on Circumstantial Evidence.* It is not reversible error for the court to omit to instruct the jury concerning circumstantial evidence, where the defendant does not ask for such an instruction and there is direct evidence sufficient to prove his guilt.

9. SAME—*Weight of Evidence for the Jury.* In criminal actions, as in civil ones, the weight of the evidence is for the jury, and the verdict. will not be disturbed if there is some substantial evidence to sustain it.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed March 10, 1920. Affirmed.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellant; *Lee Judy,* of Kansas City, of counsel.

*Richard J. Hopkins,* attorney-general, and *E. A. Enright,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of attempting to burn household goods with the intent to defraud the insurer of the goods.

1. The information was attacked by a motion to quash and by a motion in arrest of judgment. The information, after the formal parts, alleged that the defendant,

"In the day time of said day, did unlawfully, wilfully and feloniously set fire to and burn the four-room dwelling house, and the household goods therein, known and designated at 630 Kansas Avenue, Kansas City,

Wyandotte County, Kansas, with intent then and there to defraud the insurers of the household goods in said dwelling house, to wit, the Phoenix Assurance Company, of London, England, said dwelling house being the property of one F. E. Stuchberg and not the property of him, the said Harry Davis, contrary in such case made and provided."

The motion to quash, which alleged that the information attempted to charge two distinct crimes in one and the same count, was denied. The defendant then filed a motion asking the court to require the state to elect upon which of the two crimes attempted to be charged in the information it would try him. This motion was allowed, and the state elected to proceed to trial on the charge of burning the household goods with intent to defraud the insurers of those goods.

It is not clear that two offenses were charged in the information, but if there were, the defendant was not entitled to a discharge for that reason. All that he could reasonably require was that he be informed as to the offense on which the state would proceed to trial. This result was accomplished by the election of the state. He was tried for the commission of one offense only. The defendant was not in any way prejudiced by the ruling on the motion to quash the information.

2. After the jury was impanelled the state was permitted to amend the information by changing the description of the property in which the fire was alleged to have occurred. The allegation in the information that the fire occurred at 630 Kansas avenue in Kansas City, Wyandotte county, Kansas, was changed so as to read 630 Shawnee avenue, Kansas City, Wyandotte county, Kansas. The complaint alleged that the offense was committed at 630 Shawnee avenue, and on that complaint he was bound over to the district court. Under the circumstances, the defendant was not prejudiced by the amendment of the information.

3. Complaint is made that the information did not allege that the Phoenix Assurance Company, of London, England, was a corporation. The authorities are divided on the necessity of such an allegation. (5 C. J. 568.) Among those supporting the rule that it is not necessary that an information contain such an allegation are, Kelly's Criminal Law and Practice, 3d ed., § 604; *The State v. Tucker,* 84 Mo. 23; and *The State v. Steinkraus,* 244 Mo. 152. This question was not pre-

sented to the trial court until after a verdict had been rendered and a motion for a new trial had been overruled. The motion to quash the information alleged but one ground, and that was that the information charged two distinct crimes in one and the same count. It does not appear that the specific question now urged was ever presented to the trial court. A motion in arrest of judgment was filed. This motion alleged that "The facts stated in the amended information filed in the above-entitled cause do not state facts sufficient to constitute a public offense." The omission of the allegation did not prejudice any substantial right of the defendant. He was charged with burning property with the intent to defraud the insurers thereof. So far as the merits of the controversy were concerned, it did not matter whether the insurer was an individual, a partnership, or a corporation. Objections to the sufficiency of an information made after trial and verdict do not receive the same favorable consideration as the same kind of objections made before arraignment and plea. (*The State v. Henry,* 24 Kan. 457; *The State v. Jackson,* 27 Kan. 581, 582; *The State v. Harp,* 31 Kan. 496, 499, 3 Pac. 432; *The State v. Knowles,* 34 Kan. 393; 8 Pac. 861; *City of Kingman v. Berry,* 40 Kan. 625, 627, 20 Pac. 527; *The State v. Rook,* 42 Kan. 419, 22 Pac. 626; *The State v. Combs,* 47 Kan. 136, 27 Pac. 818.) The objection came too late. The omission of the allegation did not prejudice any substantial right of the defendant. (Crim. Code, § 110, subdiv. 7, Gen. Stat. 1915, § 8024.)

4. Complaint is made that the information did not allege the ownership of the property. The information appears to have been drawn under section 3425 of the General Statutes of 1915. This section reads:

"Every person who shall burn any building, boat or vessel, or any goods, wares, or merchandise, or other chattels, which shall at the time be insured against loss or damage by fire, with intent to defraud or prejudice the insurer, whether the same be the property of such person or any other, shall be upon conviction adjudged guilty of arson in the third degree."

This statute seems to make the ownership of the property immaterial. It mattered not who owned the property. If it was insured, and the defendant burned it with intent to defraud the insurer, he committed an offense, not against the owner of the property, but against the insurer thereof. This

The State v. Davis.

question, like the question of the incorporation of the insurer, was not presented to the trial court until after trial and verdict; the authorities cited under the discussion of the question of incorporation are likewise applicable under the discussion of the present question.

5. The defendant contends that there was no allegation in the information that the goods were insured. On this subject the information alleged that the burning was done to defraud the insurers of the household goods. This indirectly alleged that the goods were insured. It is possible that if this question had been presented to the trial court in proper time, the state would have been required to make a more specific allegation as to the goods being insured. After a motion to quash for the reason that the information charged two distinct crimes in one and the same count—no other reason was alleged in the motion—and after trial and verdict, it must be held that the information sufficiently alleged that the goods were insured.

6. After the amendment of the information, the defendant was placed on trial without again being arraigned. He contends that it was error so to do. It does not appear that he made any objection to going to trial without rearraignment. His failure to object waived the error if there was any. (*The State v. Cassady*, 12 Kan. 550; *The State v. Bugg*, 66 Kan. 668, 670, 72 Pac. 236; 16 C. J. 389.)

7. It is contended that the court committed error in the admission and in the exclusion of evidence. The evidence, as abstracted, has been read and this contention has been examined. The conclusion reached is that there was no reversible error in either admitting or excluding evidence.

8. It is further contended that the court erred in not instructing the jury concerning circumstantial evidence. No instruction on that question was asked by the defendant. That waived the error if any was committed. (*The State v. Ingram*, 16 Kan. 14; *The State v. Rhea*, 25 Kan. 576; *The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406; *The State v. Peterson*, 38 Kan. 204, 16 Pac. 263; *The State v. Rook*, 42 Kan. 419, 22 Pac. 626; *The State v. Falk*, 46 Kan. 498, 26 Pac. 1023; *The State v. Miller*, 83 Kan. 410, 111 Pac. 437; *The State v. Woods*, 105 Kan. 554, 185 Pac. 21.) While there was some circumstantial evidence in the case, yet there was direct evidence which

tended to show that the defendant did set fire to the house and attempt to burn the goods. Unless the defendant specifically requested an instruction concerning circumstantial evidence, it was not reversible error for the court to omit to instruct the jury concerning this character of evidence.

9. This court is urged to reverse the judgment because the verdict of the jury was against the great weight of the evidence. Probably more than a hundred decisions could be cited holding that where the verdict is supported by some substantial evidence, the verdict is conclusive. This rule has been adhered to in criminal actions as well as in civil ones. (*The State v. Potter*, 16 Kan. 80; *The State v. Newman*, 57 Kan. 705, 47 Pac. 881; 16 C. J. 760.)

The judgment is affirmed.