No. 22,737.

THE STATE OF KANSAS, *Appellee*, v. CHARLES DAVIDSON, *Appellant*.

OPINION DENYING A REHEARING.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion denying a rehearing filed May 7, 1921. (For original opinion of affirmance see 108 Kan. 310, 195 Pac. 861.)

*Turner W. Bell*, and *Benjamin F. Endres*, both of Leavenworth, for the appellant.

*Floyd E. Harper*, of Leavenworth, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a petition for rehearing it is urged the decision rendered, holding it was not prejudicial error, in a trial for rape, to omit an instruction on the subject of attempt to rape, when none was requested (*The State v. Davidson*, 108 Kan. 310, 195 Pac. 861), conflicts with the decision in the case of *The State v. Langston*, 106 Kan. 672, 189 Pac. 153. In that case the defendant was charged with rape of a small and deli-

cate child only eleven years old, and the opinion concluded as follows:

"In a prosecution for statutory rape where there was evidence tending to show no more than an attempt, it was held to be the duty of the court to instruct the jury as to the law of attempt to commit the offense charged, although the defendant had not asked for such an instruction. (*The State v. Grubb*, 55 Kan. 678, 41 Pac. 951.)" (p. 676.)

The petition for rehearing asserts this amounts to an affirmance of the doctrine of the Grubb case, as opposed to the doctrine of the Winters case cited in the original opinion, and asserts the decision in the pending case creates great confusion in the law.

The opinion in the Langston case does not affirm the specific doctrine of the Grubb case on which the petition relies, is not in conflict with the opinion in the Winters case, and does not create confusion in the law, if attentively considered. The pertinent portion of the opinion in the Langston case begins as follows:

"A more serious objection is made to the rulings of the court in charging the jury. The defendant asked for an instruction relating to attempt to commit rape, but no instruction on that branch of the case was given." (p. 675.)

Therefore, the subject of failure to instruct, without request, on the subject of attempt, was excluded from consideration and decision.

Following the introduction quoted, the testimony was discussed in detail, and the discussion concluded with this statement:

"In view of the testimony, it was the duty of the court to have instructed the jury on the lower grade of the offense." (p. 676.)

The Grubb case was then cited, merely to emphasize, as the Grubb case did, the distinction between attempt and completed offense, and the necessity for instructing the jury clearly with reference to the evidence required to convict in a prosecution for statutory rape.

The petition for rehearing is denied.