The State v. Loar.

---

No. 25,261.

THE STATE OF KANSAS, *Appellee*, v. NATHAN LOAR, *Appellant*.

SYLLABUS BY THE COURT.

1. MURDER—*Defendant Participated With Others in Attempt to Commit a Burglary—Homicide Resulted in the Attempt—Guilt of Defendant.* The court, on the trial of a person charged with murder, is justified in overruling a demurrer to the evidence of the state where the evidence shows that the accused participated in an attempt to commit a burglary which resulted in the homicide.

2. SAME—*Circumstantial Evidence—Instructions.* On the trial of a person charged with murder, where no instruction concerning circumstantial evidence is requested, it is not error for the court to fail to instruct concerning that character of evidence where there was direct evidence which tended to show that the accused participated in an attempt to commit a burglary which resulted in the homicide, although there was circumstantial evidence which tended to prove the same fact.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed July 5, 1924. Affirmed.

*James B. Kelsey,* and *Charles E. Thompson,* both of Kansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *Malcolm McNaughton,* county attorney, and *William D. Reilly,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of murder in the second degree.

1. The defendant argues that the court erred in overruling his demurrer to the evidence of the state. The evidence of the plaintiff tended to show the following facts: Bert Gladson, Lawrence Hayes and Harry McCarthy drove in an automobile to the home of the defendant in Kansas City in the nighttime, where he was sleeping, woke him up, and asked him to accompany them. The defendant voluntarily went with Gladson and the others, and after the defendant got into the automobile some one of the party stated that they were going to Leavenworth. On the way they went by Gladson's house, where Gladson asked that the party stop until he got his artillery and overcoat. He went into the house and came out with an overcoat and two guns, one of which he handed to the defendant with instructions to give it to McCarthy. The party was equipped with a flashlight and a wrecking bar. They drove to Leavenworth and stopped near an ice plant or power house close to the Missouri Pacific railroad tracks, where some or all of them went to sleep in the car. When they heard the whistle of a freight train coming into Leavenworth on the Missouri Pacific railroad, they woke up. All except Hayes got out of the car and went to the train. Gladson and McCarthy boarded the train while it was moving. The defendant attempted to do so, but fell; the train passed on, leaving him behind. After the train had traveled some little distance it stopped. A watchman by the name of J. L. David saw them, hailed them, and asked where they were going, to which they made no response. He then told the men to come to his side of the train. Bert Gladson responded by shooting twice at David and killing him. Upon being shot, David exclaimed, "Oh God, don't shoot no more." Another watchman then appeared and a pistol duel occurred between him and Gladson and McCarthy. The defendant, after failing to board the train, heard the shooting and returned to the automobile, to which Gladson and McCarthy also returned. Gladson then directed that they go back to Kansas City as quick as they could, and in response to an inquiry by one of them as to what was the matter, Gladson replied, "I shot a jakie, but I do not know whether I killed him or not; if I did it is the first notch for my new gun." When they passed the penitentiary at Lansing on their return to Kansas City, they crouched as low in the car as they could to prevent injury by anyone who might shoot at them from the penitentiary.

The evidence tended to show that the defendant voluntarily joined with the others in an attempt to rob freight cars on the Missouri

Pacific railroad, and that in the attempt one of the party shot and killed J. L. David. There was sufficient evidence to compel the court to submit to the jury the matter of the guilt or innocence of the defendant.

2. The defendant urges that his motion for a new trial should have been sustained. He argues that he must have been convicted on circumstantial evidence. There was no instruction concerning that character of evidence. The difficulty with the argument of the defendant is that he did not request any instruction concerning circumstantial evidence and that he was not convicted on that kind of evidence alone. There was direct evidence that J. L. David was killed by Bert Gladson, who was a member of the party which included the defendant, and which was engaged in an effort to burglarize a freight car on the Missouri Pacific railroad. Under these circumstances, if the defendant desired an instruction concerning circumstantial evidence, he should have requested it. In *The State v. Davis,* 106 Kan. 527, 531, 188 Pac. 231, the court said:

"It is further contended that the court erred in not instructing the jury concerning circumstantial evidence. No instruction on that question was asked by the defendant. That waived the error if any was committed."

A number of decisions are there cited to support the rule there stated.

The judgment is affirmed.