No. 26,274.

THE STATE OF KANSAS, *Appellee,* v. L. E. TAYLOR, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Evidence—Conflicting Testimony of Witness.* Where a prosecuting witness testifies to the commission of criminal acts by the defendant and afterward denies that such acts were committed by him and denies that she testified to those acts in the first instance, the jury may consider her testimony as to the commission of the criminal acts and disregard her evidence contradictory thereto.

2. SAME—*Conflicting Testimony of Witness—Sufficient to Establish Crime.* Such evidence of the prosecutrix as is described in the first paragraph of this syllabus may be considered by the jury as establishing the fact that the crime was committed.

3. SAME—*Evidence of Confession—Admissibility.* It is not error to admit evidence of a confession of a defendant where the testimony of those to whom the confession was made tends to establish that it was obtained without duress, threats or promises, although the defendant testifies that duress was exercised and threats and promises were made, and where the court instructs the jury to disregard the evidence of the confession if it was obtained by duress, threats or promises.

4. RAPE—*Instructions—Failure to Request.* In the prosecution of a defendant for having carnal knowledge of a female person under the age of eighteen years, where the court fully and correctly instructs the jury concerning the law of that offense, but does not tell the jury that actual penetration is necessary to constitute the offense, no error is committed if the defendant does not request that such an instruction be given.

Appeal from Dickinson district court; CASSIUS M. CLARK, judge. Opinion filed July 11, 1925. Affirmed.

*David Ritchie* and *Omer D. Smith,* both of Salina, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Paul H. Royer,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction of having had carnal knowledge of a female under the age of eighteen years.

1. Criminal Law, 16 C. J. § 2291.   2. Id., 16 C. J. § 2291.   3. Id., 16 C. J. §§ 1468, 1512.   4. Rape, 33 Cyc. p. 1504.

1. The first question presented by the defendant is, Was there sufficient evidence outside of the so-called confession to warrant the verdict and judgment of the trial court? The age of the prosecutrix was established beyond question. She testified that the defendant had sexual intercourse with her. During her testimony she denied that the defendant had sexual intercourse with her, and also denied that she had at first testified to the contrary. Her evidence was sufficient to warrant the verdict and judgment.

2. Another question asked by the defendant is, Was there sufficient evidence outside of the so-called confession to establish the *corpus delicti* of the offense charged in the information herein? The evidence of the prosecutrix, although afterward contradicted and denied by her, was sufficient to establish that the offense had been committed.

3. The defendant insists that his confession should not have been admitted in evidence. This is based on the contention that the confession was obtained from the defendant by threats and duress. The confession was testified to by a deputy sheriff. The facts on which the defendant relies to show that the confession was obtained by threats and duress were as follows: That at eight o'clock in the evening the defendant was taken from the county jail to the office of the county attorney, where he was confronted by the county attorney, the sheriff, the undersheriff, a deputy sheriff, and a part of the time by a justice of the peace and a policeman; that the defendant was questioned from that hour until midnight; that he was urged to tell the truth; and that at about twelve o'clock, when the meeting was breaking up, the defendant, not having directly admitted his guilt, then stated to the undersheriff that he had had sexual intercourse with the prosecutrix once at Enterprise. The evidence tended to show that the defendant had on several occasions during the evening stated that he would plead guilty, but that he was informed by the county attorney that he should not plead guilty unless he was guilty, and that it was not the desire of the officers to convict an innocent man. The defendant testified that at one time one of the party took hold of him, slapped violently on the table and frightened the defendant. Other than this testimony of the defendant and the long hours of questioning, there was nothing to indicate that any duress, threats or promises of any kind were used against him. The introduction of the confession was objected to;

inquiry into the circumstances surrounding its being given was made, and the confession was admitted. The court properly instructed the jury concerning that confession and directed the jury to disregard it if it had been obtained by duress, threats or promises. The judgment cannot be reversed for this reason.

4. Another matter urged is that the jury was not properly instructed as to the necessary and essential elements of the offense charged in the information. This is based on the fact that the court did not instruct the jury that in order to constitute rape there must have been a penetration. This court in *The State v. Booker*, 114 Kan. 438, 219 Pac. 255, said:

"The defendant urges that there was no evidence to prove penetration. That fact must be proved. The prosecutrix testified that the defendant had carnal knowledge of her. It is presumed that she knew what the expression 'carnal knowledge' meant." (p. 439.)

The court instructed the jury:

"If you find from the evidence beyond a reasonable doubt . . . that . . . the defendant did carnally know one Gladys Taylor . . . then and in that event you will find the defendant guilty."

It is presumed that the jury knew what the expression "carnally know" meant. The instruction fully and correctly stated the law. No explanatory instruction was requested. If the defendant had desired one, he should have asked that it be given. By failing to request it he waived it. (*The State v. Ingram*, 16 Kan. 14; *The State v. Rhea*, 25 Kan. 576; *The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406; *The State v. Peterson*, 38 Kan. 204, 16 Pac. 263; *The State v. Rook*, 42 Kan. 419, 22 Pac. 626; *The State v. Falk*, 46 Kan. 498, 26 Pac. 1023; *The State v. Winters*, 81 Kan. 414, 105 Pac. 516; *The State v. Miller*, 83 Kan. 410, 111 Pac. 437; *The State v. Woods*, 105 Kan. 554, 185 Pac. 21; *The State v. Davis*, 106 Kan. 527, 188 Pac. 231; *The State v. Hobl*, 108 Kan. 261, 194 Pac. 921; *The State v. Davidson*, 109 Kan. 13, 197 Pac. 1104; *The State v. Lower*, 110 Kan. 669, 205 Pac. 364; *The State v. O'Brien*, 114 Kan. 703, 220 Pac. 208; and *The State v. Loar*, 116 Kan. 485, 227 Pac. 359.)

The judgment is affirmed.