No. 27,642.

THE STATE OF KANSAS, *Appellee*, v. FLORENCE BOONE, *Appellant*.

(257 Pac. 739.)

SYLLABUS BY THE COURT.

1. HOMICIDE—*Murder in Attempt to Commit Burglary—Aiding or Abetting in Attempt to Commit Burglary—Instructions.* The instructions of the court correctly stated the law concerning a person who counsels, aids or abets another in an attempt to commit a burglary and robbery, and concerning that person's connection with the commission of a murder after the attempt to commit the burglary and robbery had been abandoned.

2. CRIMINAL LAW—*Instructions—Requested Instructions Included in Another Charge.* It was not error to refuse to give the instructions requested by the defendant concerning the matters stated in the first paragraph of this syllabus because the instructions given by the court correctly stated the law on those subjects under the evidence introduced.

3. SAME—*Instructions—Failure to Request.* It was not error to fail to give an instruction concerning circumstantial evidence; no such instruction was requested.

4. HOMICIDE—*Murder in Commission of Burglary—Evidence.* There was evidence sufficient to justify the jury in finding the defendant guilty of murder in the first degree.

5. CRIMINAL LAW—*Evidence—Accomplice is Competent Witness.* In a criminal prosecution an accomplice is a competent witness against the defendant.

6. SAME—*Evidence—Acts and Conversation of Accomplices Before Participation by Defendant.* In the prosecution of a person for murder, committed while attempting to commit a burglary or to avoid arrest therefor, an accomplice may testify to the acts and conversations of those who planned and arranged to commit the burglary although the person on trial did not participate in the effort to commit the crime until after the plans had been partially effected.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed July 9, 1927. Affirmed.

*David F. Carson*, of Kansas City, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *Arthur J. Mellott*, county attorney, and *H. J. Emerson*, deputy county attorney, for the appellee.

Accomplice, 5 R. C. L. 162. Criminal Law, 16 C. J. pp. 656 n. 1, 689 n. 78, 1059 n. 39, 1063 n. 85. Homicide, 29 C. J. pp. 1073 n. 59, 1076 n. 75, 1093 n. 28; 30 C. J. pp. 312 n. 42, 394 n. 5.

The opinion of the court was delivered by

MARSHALL, J.: The defendant, Florence Boone, appeals from a. judgment convicting her of murder in the first degree. She was charged with the murder of William D. Conley, a police officer.

The evidence tended to show that on the evening of September 11, 1926, the appellant, Ical Beasley, Toby Williams and C. F. Van Kirk (sometimes called Mr. Boone by the witnesses) met in the appellant's apartment in Kansas City, Mo., that Van Kirk and Williams planned to rob the Missouri Pacific depot in Kansas City, Kan., that they procured a brace and two bits, a round bar, a bottle of powder, some fuse, and a hatchet; that all of those instruments were laid on a bed in the appellant's apartment; that when Van Kirk and Williams entered the room, they were talking about getting a car in which to ride to the Missouri Pacific depot; that they had no money; that the appellant offered to and did furnish them the money with which to hire an automobile; that an automobile was procured; that the instruments were wrapped in a newspaper and placed in the automobile; that the appellant heard part of the planning of the proposed burglary and robbery and requested that she be permitted to go on the trip; that she saw the instruments that had been laid on a bed; that about 11:30 p. m. the appellant with Beasley, Toby Williams and Van Kirk went in the automobile to a place near the Missouri Pacific depot in Kansas City, Kan.; that the automobile was driven under a viaduct; that the appellant and Beasley remained in the automobile and were instructed by Van Kirk and Williams if anyone came to drive around the block, but to come back to that place with the automobile and not to run off with it; that Van Kirk and Williams left the automobile and were gone twenty-five or thirty minutes when they returned; that just as they returned to the automobile, police officers arrived, among whom was William D. Conley; that a number of shots were exchanged; and that Conley was killed. There was evidence which tended to prove that an effort had been made to break open some of the windows of the Missouri Pacific depot.

. 1. The defendant contends that "the court erred in its instructions to the jury," and complains of instructions 10 and 11, which were as follows:

"10. Under the laws of this state any person who counsels, aids or abets in the commission of any criminal offense may be charged, tried and convicted in the same manner as if he were a principal in the commission of such offense. Therefore, if you find from the evidence beyond a reasonable doubt that at the time and place alleged in the information one C. F. Van Kirk was engaged in attempting to commit a robbery or burglary, and while he was so engaged he made an assault with a revolver upon and shot and killed one William D. Conley; and you further find from the evidence beyond a reasonable doubt that before such assault and shooting occurred, the defendant Florence Boone had knowingly and willfully counseled, aided or abetted said Van Kirk in said attempt to commit such robbery or burglary, then and in that event it will be your duty to find the defendant, Florence Boone, guilty of murder in the first degree, as charged in the information, the same as if she had individually and alone committed the acts constituting such crime. On the other hand, if you do not find from the evidence beyond a reasonable doubt that before such assault and shooting the defendant had knowingly and willfully counseled, aided or abetted said Van Kirk in such attempt to commit robbery or burglary, or do not find from the evidence beyond a reasonable doubt that said Van Kirk was, at the time of such assault upon and shooting of said William D. Conley, engaged in an attempt to commit a robbery or burglary, then and in that event you will find the defendant not guilty.

"11. Even if you find from the evidence beyond a reasonable doubt that the defendant knowingly and willfully counseled, aided or abetted one Van Kirk and others in an attempt to commit robbery or burglary, yet if you find from the evidence that at the time of the assault upon and shooting of William D. Conley, said Van Kirk and his associates had abandoned such attempt and before such assault and shooting had decided to desist from such attempt, then and in that event your verdict should be for the defendant. However, if you find from the evidence beyond a reasonable doubt that up to the time of the commission of said assault and shooting, said Van Kirk and his companions had not decided to desist from said attempt, but that such assault and shooting were committed in an attempt to escape arrest for the commission of such attempted burglary or robbery, then under the law there was no abandonment of such attempt at the time of such assault and shooting."

The pertinent statutes are sections 21-401 and 62-1016 of the Revised Statutes. Section 21-401 in part reads:

"Every murder which shall be committed . . . in the perpetration or an attempt to perpetrate any arson, rape, robbery, burglary, or other felony, shall be deemed murder in the first degree."

Section 62-1016 of the Revised Statutes reads:

"Any person who counsels, aids, or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal."

In 29 C. J. 1093 it is said:

"One who in resisting a lawful arrest intentionally kills a person seeking to arrest him is guilty of murder."

In *State v. Mowry*, 37 Kan. 369, 15 Pac. 282, this court said:

"A private person may, in a temperate manner and without a warrant, arrest one who has just committed a felony; and it is murder for the person so attempted to be arrested to kill one whom he knows is in fresh pursuit and endeavoring to arrest him for such felony." (Syl. ¶ 3.)

In 29 C. J. 1073 it is said:

"There may be responsibility for a homicide committed in the execution of a common design, although the plan did not involve taking life. All who join in a common design to commit an unlawful act, the natural and probable consequence of the execution of which involves the contingency of taking human life, are responsible for a homicide committed by one of them while acting in pursuance of, or in furtherance of, the common design. . . . Those who have joined in a common design to commit an unlawful act are not responsible for a homicide committed by one of their associates after the common object has been accomplished, or the enterprise has been abandoned after a failure."

The appellant contends that she is not liable for the murder of William D. Conley even if she were a party to the attempt at burglary because the murder was not contemplated in the enterprise and because such attempt at burglary, if any there was, had been abandoned when the shooting occurred. The evidence that the companions of the appellant took guns with them tended to prove that they intended to kill if it became necessary in order to accomplish their design or to effect their escape. There was no direct evidence which tended to prove that the attempt at burglary had been abandoned, although there was evidence from which the jury could have so found. The shooting occurred some distance from the Missouri Pacific station after Williams and Van Kirk had made one trip from the automobile and had returned to it. While that fact was consistent with the abandonment of the enterprise, it did not prove such to be the fact; but that evidence was also consistent with the theory that the attempted burglary had not been abandoned, and that the murder was committed in an attempt to avoid arrest and to escape. *State v. Roselli*, 109 Kan. 33, 198 Pac. 195, and *State v. Loar*, 116 Kan. 485, 227 Pac. 359, while not directly in point, are somewhat analogous.

There was no error in either of these instructions. They were based on evidence and correctly stated the law to the jury.

2. The appellant complains of the refusal of the court to give the following instructions requested by her:

"1. You are instructed in this case that if you find and believe from the evidence that the defendant had nothing to do with the alleged attempted robbery, if you find such robbery was attempted, then she cannot be convicted in this case, and your verdict should be for the defendant.

"2. You are instructed that if you find and believe from the evidence beyond a reasonable doubt, as hereinbefore defined that even though the defendant knew of the attempted robbery of the Missouri Pacific station, if you find and believe there was an attempt made to rob said station by Van Kirk and Williamson, one or both of them, and otherwise aided such attempt, if you find and believe from the evidence she did so aid, that if the attempt, at the time William Conley was killed, was abandoned, then in that event the defendant cannot be convicted, and your verdict should be for the defendant."

These instructions were fully covered by instructions Nos. 10 and 11 which were given by the court, and there was no error in refusing to give those requested.

3. The appellant also contends that "the court should have given an instruction with reference to circumstantial evidence." None was requested by the appellant and she cannot now complain that none was given. (*State v. Woods,* 105 Kan. 554, 185 Pac. 21; *State v. Davis,* 106 Kan. 527, 531, 188 Pac. 231, and cases there cited.)

4. The appellant contends that there was no evidence to sustain the judgment against her. She argues that there was no evidence to show that she knew of the attempted robbery or that the car was to be used for an unlawful purpose; that there was no evidence to show that any attempt had been made to commit a burglary on a Missouri Pacific station; and that the evidence showed that the attempt at burglary and robbery had been abandoned when the shooting occurred. The evidence abstracted has been summarized. The summary of the evidence discloses that this contention of the appellant is without sufficient foundation and cannot be sustained. She knew the purpose of the trip and heard part of the planning for it. She saw the firearms and saw the instruments that were to be used in the burglary, furnished the money to hire the automobile in which to go to the Missouri Pacific depot, and asked that she be allowed to accompany the others on the trip. The evidence tended to show that an attempt had been made by someone to forcibly enter the Missouri Pacific station, and that she with the others went in the

automobile to a place near the station and there waited with one of the party while two of them went away for the purpose of performing the burglary and robbery, and that when they returned the shooting occurred in which William D. Conley was killed. The evidence did not show that at the time the shooting occurred the effort to commit the burglary had been abandoned, although the shooting occurred some little distance away from the station.

5. The appellant says:

"We think the court also erred in admitting the testimony of Ical Beasley over the objection of the defendant. All his testimony, including his confessions, were made after the commission of the offense with which the defendant was charged. The defendant objected to his testimony on the ground that he was one of the coconspirators and could not testify against the defendant, and his testimony should not have been received against her."

The appellant cites *State v. Johnson,* 40 Kan. 266, 19 Pac. 749; *State v. Bogue,* 52 Kan. 79, 34 Pac. 410; *State v. Rogers,* 54 Kan. 683, 39 Pac. 219. None of these cases supports the contention of the appellant. Ical Beasley was a competent witness, and his testimony was admissible. (*State v. Patterson,* 52 Kan. 335, 34 Pac. 784; *State v. McDonald,* 107 Kan. 568, 570, 193 Pac. 179; *State v. Bolton,* 111 Kan. 577, 578, 207, Pac. 653.)

6. The appellant says:

"We also objected to the evidence of Beasley as to what occurred between him and Williamson and Van Kirk or Beasley at the barber shop on the way down to the place where Florence Boone resided, all of which conversations, statements and matters introduced in evidence were made and occurred out of the presence and hearing of the defendant, as hearsay and inadmissible for any purpose against Florence Boone."

This evidence concerned conversations between the associates of the appellant in arranging and planning for the commission of the burglary, to all of which the appellant acceded when, after knowing the purpose of the enterprise, she asked to accompany the expedition. In *State v. Adams,* 20 Kan. 311, the court said:

"Generally where there is evidence of a conspiracy to commit a crime, and of its subsequent commission, the state may, and in support and corroboration thereof, show any act or conduct of the alleged conspirators intermediate to the conspiracy and the crime, which apparently recognizes the existence of the conspiracy, reasonably indicates preparation to commit the crime, or preserve its fruits."

The judgment is affirmed.