No. 28,405.

THE STATE OF KANSAS, *Appellee*, v. PEARL HANCOCK and W. C. SANDERS, *Appellants.*

(274 Pac. 209.)

Opinion filed February 9, 1929.

*J. N. Tincher, Don Shaffer, Rubert G. Martin, Mabel Jones Shaffer,* all of Hutchinson, and *H. E. Walter,* of Kingman, for the appellants; *J. W. Ward,* of Wichita, of counsel.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Paul R. Wunsch,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendants, Pearl Hancock and W. C. Sanders, were convicted of violating the liquor law, and they appeal.

Defendants were charged in the first count of the information with unlawful possession of intoxicating liquor, and in the second count with permitting others to keep intoxicating liquor on premises controlled by defendants. Sanders was convicted on the first count, and Mrs. Hancock on the second count.

Mrs. Hancock conducted a restaurant in a two-story building in which she lived. Sanders was her cook. The place was raided, and

a bottle of synthetic whisky was found in a can of floor-sweep in a room of the restaurant. A girl's old silk crepe dress covered the floor-sweep in which the bottle was found. The officers found in Sanders' car a gallon jug which smelled strongly of alcohol. After Sanders realized the premises were undergoing search he made persistent effort to elude the officers and escape. One attempt was momentarily successful. He got out of the building and ran, hatless and coatless, down an alley, but was captured as he came around the corner of a church.

A contention common to both appeals is that the court did not give an instruction to the jury regarding circumstantial evidence. This is a misdemeanor case. In a recent first-degree murder case the court said:

"The appellant also contends that 'The court should have given an instruction with reference to circumstantial evidence.' None was requested by the appellant, and she cannot now complain that none was given." (*State v. Boone*, 124 Kan. 208, 212, 257 Pac. 739.)

A contention common to both appeals is that the evidence was not sufficient to sustain a verdict of guilty. Good arguments are made on the evidence, as defendants treat it, showing there was no basis for inference of existence of essential elements of the crime charged. The arguments need not be stated in detail. This court does not weigh evidence, and is not concerned with quantity of evidence, or with inferences from evidence, opposed to the verdict. The court's function is to ascertain if there was substantial evidence warranting the inference of guilt expressed by the verdict. Viewed from that standpoint, the evidence was open to the interpretation adopted by the jury.

Sanders contends cross-examination of Mrs. Hancock to affect her credibility was unduly extended. In volunteering the contention, Sanders displays a fine spirit of chivalry toward Mrs. Hancock which was not manifested at the time the place was raided. On that distressing occasion he absented himself without leave. Mrs. Hancock suggests the cross-examination was probably confusing to the jury, but no objection to it was interposed at the trial.

Sanders says he could not be lawfully arrested except on a warrant for his arrest, he had a right to go away, and the court instructed the jury on the subject of flight without informing them he was privileged to leave if he so desired. While the sheriff was directing search of the premises, he told Sanders he was under arrest. San-

ders did not testify that he planted himself on the rock of the constitution and the law, braved the sheriff who was invading his liberty, composedly put on his hat and coat, and retired in a dignified way from the scene of annoying occurrences. The evidence was that he moved furtively about here and there in the building until he thought he saw a chance to fly, and then he fled. At the trial he did not raise the question of authority to arrest and privilege to depart, and the error assigned is the invention of astute counsel who did not participate in the trial.

The trial of the case was free from prejudicial error, the evidence was sufficient to sustain the verdict, a new trial was properly denied, and the judgment of the district court is affirmed.