No. 28,739.

THE STATE OF KANSAS, *Appellee*, v. HERBERT REDMON, *Appellant*.

(280 Pac. 754.)

Opinion filed October 5, 1929.

*H. S. Roberts*, of Kansas City, for the appellant.

*William A. Smith*, attorney-general, *Frederick R. White*, county attorney, and *D. E. Henderson*, deputy county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a conviction of Herbert Redmon of murder in the first degree. The defendant and John Edwards were charged jointly in the information with shooting and killing Marie Redwine. After the state had presented its evidence a motion was made to discharge both defendants upon the ground that there was no evidence to put them on their defense. The court did discharge defendant Edwards in overruling the motion as

Criminal Law, 16 C. J. pp. 1022 n. 54, 1056 n. 20, 1059 n. 39.

to Redmon. No testimony was offered in behalf of Redmon, and after the jury was instructed covering the different degrees of murder and also of manslaughter, he was found guilty of murder in the first degree. He appeals, and only three grounds for reversal are urged here and these relate to the omission of the court to give certain instructions to the jury.

One of them is that the court omitted to tell the jury that the discharge of Edwards, his codefendant, was not to be construed as a conclusion in the court's mind that Edwards was innocent and the defendant was guilty. No such inference was warranted and no request for such an instruction was made; nor is there any reason to think that such a surmise would arise in the minds of the jury because of the ruling. The ruling of the court was in effect that the state had failed to produce evidence as against Edwards, and so he was discharged, but that the evidence as against defendant required the submission of the case to the jury for its determination whether or not he was innocent or guilty of the offense charged. The court charged the jury in general terms as are ordinarily given in such cases and told them that defendant was presumed to be innocent until his guilt was established beyond a reasonable doubt, and also if any member of the jury was not satisfied of his guilt beyond a reasonable doubt, he could not be convicted. All the instructions carried the idea that the guilt or innocence of the defendant had not been determined by the court and was then submitted to the jury for its decision.

Another point made is that the court erred in not telling the jury that the fact that defendant did not take the witness stand in his own behalf should not be construed against him. No request was made for that instruction. It is enough to refer to *State v. Younger*, 70 Kan. 226, 78 Pac. 429, where it was said:

"An omission to instruct the jury in a criminal case that the neglect or refusal of the defendant to testify shall not be considered by the jury, and shall not raise any presumption of guilt or be construed to affect his innocence or guilt, is not error, in the absence of a request for such an instruction." (Syl. ¶ 2.)

If without a request from the defendant the court had volunteered such instruction there might have been complaint that the court had unduly emphasized the matter of the appellant's failure to testify. A waiver by the defendant of his right to testify is one to which the prosecuting attorney may not refer and which the

court may not consider. Under the circumstances the omission of the instruction is not a ground of error.

Complaint is also made that the court did not give a specific instruction on circumstantial evidence. An instruction defining that class of evidence was not requested. What is called direct evidence was produced, as well as circumstantial, and all evidentiary facts were submitted to the jury with the admonition that every ingredient of the offense charged must be established by the evidence beyond a reasonable doubt before the defendant could be found guilty. All evidence is more or less circumstantial, as in most evidence inferences are to be drawn from one relevant fact of the existence of another. There is no claim here that the circumstantial evidence was not pertinent and admissible, and having been received as of some probative value it then became a question for the jury to determine its force and worth. There may be cases where an instruction defining the different classes of evidence would be helpful to a jury, but it has been uniformly held that in the absence of a request for a specific instruction in reference to circumstantial evidence the defendant cannot complain of the omission of it. (*State v. Woods*, 105 Kan. 554, 185 Pac. 21; *State v. Davis*, 106 Kan. 527, 188 Pac. 231; *State v. Boone*, 124 Kan. 208, 257 Pac. 739; *State v. Hancock*, 127 Kan. 510, 274 Pac. 209.)

These are the only objections presented by defendant, and finding no error in them the judgment is affirmed.