No. 29,075.

THE STATE OF KANSAS, *Appellee*, v. DALE WOODS, *Appellant*.

(287 Pac. 248.)

Opinion filed May 3, 1930.

*J. N. Tincher, Don Shaffer, Rubert G. Martin* and *Mabel Jones Shaffer,* all of Hutchinson, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Paul R. Wunsch,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellant was convicted of statutory rape, and appeals. After the prosecuting witness had given her testimony at defendant's preliminary examination, and shortly before his trial in the district court, he married the girl and now contends that it was error to permit her to testify against him. He cites the statute—

". . . No person on trial or examination, nor wife or husband of such person, shall be required to testify except as a witness on behalf of the person on trial or examination. . . ." (R. S. 62-1420.)

It does not appear, however, that the prosecuting witness claimed

that privilege at the trial, and even defendant himself did not object to her testifying. On the contrary, in an effort to exculpate the defendant, when she was called as a witness for the state she voluntarily took the stand and repudiated the evidence she had given against defendant at his preliminary examination; but later the same day the prosecuting witness apparently became impressed with the fear of the possible consequences of her perjury and made a clean breast of it and gave testimony in harmony with what she had testified to at the preliminary examination.

It is contended that the prosecuting witness was "not given the protection" of the statute which relieves a wife of the requirement of testifying against her husband, and that "it was the duty of the trial court to advise this girl, the prosecuting witness, of her statutory rights so that she would have been able to protect herself." Rights of the witness? Duty to protect the girl? She was not on trial. Nor is she complaining here that her rights were invaded. The statute does not say that a wife may not be subpœnaed as a witness at the trial of her husband on a criminal charge. She can be required to attend, and she can be required to testify in his behalf. She cannot, of course, be compelled to testify against him. (*State v. McCord*, 8 Kan. 232.) But she must claim that privilege, otherwise her testimony will be considered as having been voluntarily given. (*State v. Geer*, 48 Kan. 752, 754, 30 Pac. 236.) It is suggested that she instructed her husband's attorney to claim that privilege for her. The record does not show that, and the circumstances tend to discount that idea. What is rather obvious, we think, is that she was quite willing to testify *falsely* in behalf of defendant, but after doing so she was given the opportunity to return to the witness stand and tell the truth. Moreover, in this case, it would have been of no consequence to the state if the prosecuting witness had claimed her privilege not to testify against defendant. Her testimony given at the preliminary examination was available and could have been read to the jury. (*State v. Stewart*, 85 Kan. 404, syl. ¶ 6, 116 Pac. 489. See, also, *State v. Taylor*, 119 Kan. 260, 237 Pac. 1053; *State v. Bell*, 121 Kan. 866, 868, 250 Pac. 281.)

The judgment is affirmed.