No. 37,933

STATE OF KANSAS, *Appellee,* v. OTIS BRADFORD, *Appellant.*

(216 P. 2d 1020)

Opinion filed April 8, 1950.

*Robert F. Stadler,* of Humboldt, argued the cause, and *L. T. Cannon,* of Humboldt, and *Kenneth H. Foust* and *John O. Foust,* both of Iola, were with him on the briefs for the appellant.

*J. D. Conderman,* of Iola, argued the cause, and *E. E. Lamb,* of Yates Center, *H. R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Otis Bradford was prosecuted under an information charging him with an offense under G. S. 1935, 21-435. He was found guilty as charged, his motion for a new trial was denied, and he was sentenced under the statute. In due time he perfected his appeal to this court.

The gist of the information filed was that defendant Bradford struck one McGill on the head with a shovel, maiming, disfiguring and causing great bodily harm to and endangering the life of McGill, in such case and in such circumstances which would constitute murder or manslaughter if death had ensued, contrary to the provisions of G. S. 1935, 21-435. The abstract of the record contains none of the state's evidence, and appellant does not complain there is no evidence to sustain the verdict. There is a showing of defendant's evidence bearing on the question of self-defense. The abstract fails to show that defendant made any objections to the instructions given or that he requested any further or additional instructions. The state's counter abstract shows that defendant did request an instruction substantially identical with instruction 7 hereafter quoted in full.

As most of appellant's claims of error are directed to the trial court's instructions to the jury, we shall review those instructions sufficiently to discuss the contentions made concerning them.

Instructions 1 and 2 set out the substance of the charge and the defendant's plea of not guilty. Instruction 3 stated the information was filed under G. S. 1935, 21-435, which is quoted in full. Instruction 4 advised the jury that if they did not find defendant guilty of the principal offense charged in the information they should consider whether he was guilty under G. S. 1935, 21-436, which is set out in full. Instruction 5 advised the jury that where an information sets out facts to constitute the offense charged in G. S. 1935, 21-435, and the facts set forth also constitute the offense of simple assault as set forth in G. S. 1935, 21-436, then the jury may find the defendant guilty of either of said offenses as the evidence may justify. Under instruction 6 the jury was advised that in connection with the offense charged in the information it was the court's duty to define the following terms, and then follows definitions of "unlawfully," "feloniously," "assault," "murder," manslaughter" and "malice aforethought" following which the court stated the definitions were given, not because murder or manslaughter was the charge but because the terms were used in the statutes which had been quoted. Instruction 7 reads as follows:

"Gentlemen of the jury, you are further instructed that when a person is threatened with an immediate attack by another who is in striking distance and has the apparent means and ability to at once execute the threat, the person thus threatened with attack may act upon what are then the appearances of the situation and may graduate the force of his resistance to the apparent threat of attack, and if he acts in good faith upon what are then the appearances of the nature of the threat he will be justified in using reasonable force to protect himself."

The remainder of the instructions need not be reviewed as the contentions of the appellant do not bear thereon.

Appellant presents his contentions in the form of ten questions, which will be treated in the order set forth in his brief.

1. Did the trial court err in instruction 6 in defining murder and manslaughter? Under this heading he presents no argument nor any citation of authorities. As applied to the facts of this case we discern no prejudicial error.

2. Did the trial court err in instruction 6 in defining malice and malice aforethought? The argument is that malice is not involved in the crime charged and the definitions should not have been in-

cluded. Appellant does not contend that the definitions are inherently wrong. We think it clear the definitions were given to amplify the definitions of and distinguish between murder and manslaughter, both of which words were used in the information and in the statute upon which the prosecution was founded. Appellant did not object to the instruction when it was given, it is not inherently wrong and there is no showing that it prejudiced the appellant, and the answer to this question is in the negative.

3. If instruction 6 was correct, did the trial court err in failing to instruct on the different degrees of murder and manslaughter and on justifiable and excusable homicide? In our opinion it did not. Defendant was not being tried for murder or for manslaughter. Under the statute for which appellant was being tried it was immaterial as to what degree of murder or of manslaughter he would have been guilty if death had ensued, and instructions as to degrees would have been improper. Insofar as justifiable and excusable homicide are concerned, again it is to be remembered that appellant was not being tried for any homicide. The question of appellant's right to an instruction on self-defense is treated later.

4. Did the trial court err in failing to give sufficient instructions on self-defense? Directing attention to instruction 7, appellant argues the instruction does not go far enough; that it is too limited in its over-all content; that it does not direct specific attention to the natural right of every man to protect himself; that he is not compelled to retreat or flee from his adversary, and when attacked he may stand his ground and use such force as at the time reasonably appears to be necessary, and our attention is directed to *State v. Bohan,* 19 Kan. 28; *State v. Keehn,* 85 Kan. 765, 118 Pac. 851; and *State v. Snow,* 121 Kan. 436, 247 Pac. 437. There is no doubt but that in a trial for a felony the court must state to the jury all matters of law which are necessary in giving their verdict (G. S. 1935, 62-1447). In the instant case the appellant requested an instruction which was almost word for word, and certainly in substance was identical, with the instruction given. No other or further request was made, nor was there any objection that the instructions given did not fully cover the matter of self-defense. It would be idle to say that the instruction could not have been more lengthily stated, and the various elements included treated in more detail, but we are of the opinion that the instruction given, in very terse language included every element which appellant urges should be included.

It has been held on more than one occasion that the failure in a criminal prosecution to give more ample and explicit instructions, not requested, where correct instructions on the law of the case were given, is not error. See, e. g., *State v. Peterson,* 38 Kan. 204, 16 Pac. 263; *State v. Estep,* 44 Kan. 572, 24 Pac. 986; *State v. Taylor,* 119 Kan. 260, 237 Pac. 1053; *State v. Brown,* 145 Kan. 247, 65 P. 2d 333. As was said in *State v. Wilson,* 108 Kan. 433, 436, 195 Pac. 618:

"If the defendant desired an elaboration of the instruction or that a particular feature of it should be emphasized he should have requested such an instruction, but it was not asked."

The contention of the appellant is not sustained.

5 and 6. Did the trial court err in failing to give an instruction that if the jury found that appellant was assaulted on his own premises by McGill, without fault on his part, he was not required to retreat but might stand his ground and use such force as was necessary to repel the attack, and did the trial court err in failing to give an instruction with reference to the provocation of the assault with which appellant was charged? With respect to these two questions appellant refers to his argument under question 4. What is said under that heading suffices here.

7. Did the trial court err in failing to instruct the jury as to the nature, character and propensity of the shovel for maiming, wounding, disfiguring and causing great bodily harm to and endangering the life of McGill? No request for such an instruction was made and what has been said heretofore in that particular has application here. Appellant's only contention is that he had been in an automobile accident and was unable to use his right hand and arm, could not grip with his hand and used the hand merely as a brace when he held the shovel in his hands. No citations of authority are given in support. Appellant has not seen fit to include in his abstract any of the state's evidence and we are not advised as to any of the details of the altercation between appellant and McGill. We have difficulty in learning the exact point of argument. The statute makes no reference to dangerous instruments or weapons, and it seems somewhat immaterial, whether appellant used a shovel, a club, a broom or what not if, in fact, he maimed, wounded or disfigured McGill. In any event, it has not been made to appear that failure to give an instruction of the kind indicated prejudiced appellant.

8. Did the trial court err in denying appellant's motion for a new trial? The only argument made is that if the trial court erred in its instructions, a new trial should have been granted.

9. Did the trial court err in failing to give an instruction that the offense of simple assault is an offense less than a felony? In the absence of a request for a more explicit instruction we think that instruction 4 sufficiently covers the matter.

10. The substance of this question is a claim the trial court erred in permitting the jury to separate. The appellant's brief recognizes there is nothing in the record to support the contention. For that reason it will not be discussed.

An examination of the entire record as abstracted discloses no error prejudicial to the appellant and the judgment of the trial court is affirmed.