CHRISTIAN STATES *et al.* v. JAMES DURKIN *et al.*, *etc.*

No. 12,059.    (68 Pac. 1091.)

SYLLABUS BY THE COURT.

EVIDENCE—*Damages for Loss of Profits in Business.* Before one may recover damages for loss of profits to an established general business, occasioned by the wrongful acts of another, it must be made to appear that the business had been in successful operation for such period of time as to give it permanency and recognition, and that it was earning a profit which may reasonably be ascertained or approximated.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 10, 1902. *In banc.* Reversed.

*Garver & Larimer*, for plaintiffs in error.

*Redden, McKeever & Hayden*, for defendants in error.

The opinion of the court was deliv red by

GREENE, J.: The defendants in e ror entered into a partnership in April, 1897, to engage in the business of plumbers and steam-fitters in the city of Topeka. It was necessary, in the successful prosecution of such business, to purchase plumbing goods and material. The plaintiffs in error were, at the time, members of an organization called the "Kansas Master Plumbers' Mutual Benefit Association," which, it was alleged, is an unlawful combination for the purpose of carrying out restraint in trade and commerce, so far as it relates to the plumbing business in Kansas. The defendants in error brought this action on the 22d day of July, 1897, in the district court of Shawnee county, to recover damages alleged to have been sustained to their business by reason of this unlawful combination's interfering and preventing them from purchasing plumbing goods and material on the market at the generally prevailing prices, and in preventing them from procuring such goods and material within a reasonable time; also, to recover losses sustained on certain plumbing contracts, resulting from the wrongful acts of the plaintiffs in error. The jury found against plaintiffs below on the question of special damages, but found that they had sustained a loss to their general business in the sum of $300, and that the value of the services of their attorneys was $200, for which amounts the court below rendered judgment. From this judgment the plaintiffs in error prosecute this proceeding.

The important question is whether the evidence sustains the finding of the jury that the plaintiffs were entitled to recover for damages to their general business. When such damages are recoverable they are

confined to the loss of profits.   In this state the loss of profits to a business which has been wrongfully interrupted by another is an element of damage for which a recovery may be had; but it must be made to appear that the business was an established one— that is, that it had been successfully conducted for such a length of time and had such a trade established that the profits thereof are reasonably ascertainable. (*Brown v. Hadley*, 43 Kan. 267, 23 Pac. 492.)

In the present case the plaintiffs had only been in business a short time—not so long that it can be said that they had an established business.   They had contracted three jobs of plumbing, had finished two, and lost money on both; not, however, because of any misconduct or wrongful acts on the part of the defendants or either of them.   They carried no stock in trade, and their manner of doing business was to secure a contract and then purchase the material necessary for its completion.   It is not shown that they had any means or capital invested in the business other than their tools.   Neither of them had prior thereto managed or carried on a similar business. Nor was it shown that they were capable of so managing this business as to make it earn a profit.   There was little of that class of business being done at that time, and little, if any, profit derived therefrom. The plaintiffs' business lacked duration, permanency, and recognition.   It was an adventure, as distinguished from an established business.   Its profits were speculative and remote, existing only in anticipation.   The law, with all its vigor and energy in its effort to right wrongs and award damages for injuries sustained, may not enter into the domain of speculation or conjecture.   In view of the character and condition of the

plaintiffs' business, the jury had not sufficient evidence from which to ascertain profits.

The finding of damages to the plaintiffs' business has no support in the evidence, and, since an attorney's fee can only follow an award of actual damages, the judgment of the court below is reversed and the cause remanded.

All the Justices concurring.