HARRINGTON ET AL., APPELLANTS, v. MOORE LAND CO.,
RESPONDENT.

(No. 4,304.)

(Submitted March 9, 1921. Decided March 29, 1921.)]

[196 Pac. 975.]

*Contracts—Breach—Crops—Measure- of Damages—Complaint
— Undisclosed Motive — Effect — Admissions — Payment of
Damages into Court—Nonsuit.*

Contracts—Breach—Crops—Measure of Damages.
  1. The measure of damages recoverable in an action for breach of
  contract under which defendant was required to sow a tract of land
  in grain, *etc.*, was such reasonable amount, clearly ascertainable in
  both nature and origin, as to compensate plaintiff for the damages
  resultant, and such additional amount as in the ordinary course of
  things would likely result from the breach.

Same—Complaint—Insufficiency—Undisclosed Motive—Absence of Meeting
of Minds.
  2. An allegation in the complaint that plaintiff was entitled to re-
  cover damages because of defendant's failure to break a certain num-
  ber of acres of sod ground which plaintiff *intended* to sow to wheat,
  did not state a cause of action, since damages are not recoverable
  for an alleged breach of an undisclosed intention on the part of
  plaintiff to do something which could not have been in contemplation
  of the parties when they entered into the contract and upon which
  there could not have been a meeting of minds.

Same—Breach—Extent of Damages Recoverable.
  3. For breach of contract, plaintiff is entitled to recover no more
  than he would have received had the defendant performed on his part.

Same—Admitting Portion of Damages—Payment into Court Before Trial
—Nonsuit, When Proper.
  4. Where defendant, admitting plaintiff's damages in a certain
  amount, paid such amount into court in advance of trial, more than
  covering the reasonable damages proven, nonsuit was proper.

*Appeal from District Court, Fergus County; H. L. De Kalb,
Judge.*

ACTION by Rexford H. Harrington and another against the
Moore Land Company. From a judgment in favor of defend-
ant, plaintiffs appeal. Affirmed.

*Mr. E. K. Cheadle,* for Appellants, submitted a brief and
argued the cause orally.

*Mr. O. W. Belden,* for Respondent, submitted a brief; *Mr.
Merle C. Groene,* of Counsel, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that in the month of May, 1917, the plaintiffs bought a farm from the defendant for the agreed price of $65 per acre, $5 of which purchase price was paid to the defendant on account of the sale to the plaintiffs of all of the crops then growing and to be planted on the premises during the season of 1917. Plaintiffs by their complaint seek to recover damages for alleged negligence in sowing spring wheat on thirty acres of the land, in consequence whereof they produced two bushels less per acre than should have been produced, to plaintiffs' damage in the sum of $102.20; for failure of defendant to plant five acres of sod ground to oats, to plaintiffs' damage in the sum of $20; for failure to break ten acres of the ground as agreed, to plaintiffs' damage in the sum of $90, and damages resultant from such failure, in that such ten-acre tract could not be sown to winter wheat in the fall of 1917, as plaintiffs intended, to plaintiffs' damage in the sum of $375.

The defendant, in its answer, admits the sale to plaintiffs of the lands described in their complaint for the total consideration of $65 per acre, and that $5 per acre of such consideration was for the crops then growing on the premises and to be grown thereon in the season of 1917; it denies any negligence in sowing the thirty-acre tract to spring wheat or that plaintiffs suffered any damage in consequence of the manner in which it was seeded; it denies that it refused to sow any portion of the premises to oats to the damage of plaintiffs in the sum of $20 or at all; it admits that it did not break the ten acres of sod land, but denies that the plaintiffs were damaged thereby in any greater sum than $50; and denies any damage resulting to plaintiffs on account of their inability to plant and raise a crop of winter wheat in the season of 1917 on the ten-acre tract which it failed to break. And, in further and separate defense, the defendant pleads justification, and admits liability on account of the failure to break ten acres of the ground; and in advance of trial made tender of and de-

posited with the court $96.25 as reasonable compensation to the plaintiffs. The plaintiffs, in their reply, admit defendant's tender as alleged.

The case was tried before a jury. At the conclusion of the testimony introduced in support of plaintiffs' case, the court granted a nonsuit and entered judgment for the plaintiffs for $96.25, the amount tendered. The appeal is from the judgment.

Two assignments of error are specified, but one of which is necessary for disposition of this case on the merits, namely: Did the court err in sustaining the defendant's motion for a nonsuit and ordering judgment in favor of the plaintiffs for the amount tendered?

Defendant proceeded under the provisions of sections 7161 [1] and 8036 of the Revised Codes, in avoidance of costs, admitting plaintiffs' damage to the extent of $96.25, making tender of such amount to the plaintiffs, and depositing the same with the court in advance of trial. Section 6048 fixes the measure of damages for breach of contract as follows: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom." Section 6049 provides: "No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

After an examination of the complaint and all of the evidence in this case, we are of opinion that the rule of damages applicable is, that plaintiffs are entitled to recover such reasonable amount as will compensate them for defendant's failure to do the work agreed, and such additional amount as in the ordinary course of things would likely result from the breach of contract. The damages recoverable, however, must be clearly ascertainable in both nature and origin. The only damage proved by plaintiffs is defendant's failure to break the

ten acres of ground, the reasonable cost of breaking of which, as shown by the evidence, is from $5 to $6 per acre; and, allowing the maximum amount of recovery, plaintiffs have [2] shown their right to recover the sum of $60. But it is alleged by the plaintiffs in their complaint, and evidence was submitted in support thereof, that the plaintiffs are entitled to additional damages to the extent of $375 in consequence of defendant's failure to break said ten acres of sod ground so that plaintiffs could sow the same to winter wheat, as they *intended,* so as to enable them to grow a crop in the year 1918. There is no allegation in the complaint, nor anything in the evidence adduced, to justify such allowance of damage save and except the *intention* on the part of plaintiffs; and there is nothing to indicate a meeting of the minds of the contracting parties so as to charge the defendant with damages resultant. The unexpressed intention or mental reservation entertained by the plaintiffs at the time of the purchase of the lands is of little consequence, and the plaintiffs were properly denied indulgence in such realm of speculation. Such resultant damages alleged do not naturally arise from the breach of the contract, nor are they such as may be considered as reasonably and naturally supposed to have entered into the contemplation of the parties when they made the contract. (8 R. C. L., par. 22; see, also, *Helena L. & Ry. Co.* v. *Northern Pac. Ry. Co.,* 57 Mont. 93, 186 Pac. 702; *Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115.) As to this item of damages alleged, the complaint does not state a cause of action, as the claim is predicated wholly upon plaintiffs' intention, rather than agreement or mutual understanding of the parties.

In no event would the plaintiffs be entitled to recover any- [3] thing more than they should have received had the contract been performed by the defendant on its part, assuming it had been performed. (*Myers* v. *Bender,* 46 Mont. 497, Ann. Cas. 1916E, 245, 129 Pac. 330.) Accordingly, plaintiffs were entitled to recover the reasonable cost of the breaking of the ten acres of sod, and nothing more. (13 Cyc. 162, and cases

**[4]** cited.)  The amount paid into court was more than ample to satisfy the reasonable damages proven, and the court was justified in ordering a nonsuit.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.