No. 24,631.

MASTER SALES COMPANY, *Appellant,* v. F. C. SYTSMA, *Appellee.*

SYLLABUS BY THE COURT.

1. SALE OF AUTOMOBILE ACCESSORIES—*Action for Price—Cross-petition Good as Against Demurrer.* A cross-petition which alleges damages to the pleader's business but does not specifically allege loss of profits or other particular item of damage, is good as against a demurrer.

2. SAME—*Answer and Cross-petition—No Election Between Answer and Cross-petition Required.* In an action on an account for goods sold, an answer which contains a general denial and alleges a settlement for part of the goods, the right to return a portion of goods under contract made when they were sold, and a failure of warranty is not inconsistent with a cross-petition which alleges damages to a business caused by the failure of the warranty; and the pleader is not required to elect as between the answer and the cross-petition.

3. SAME—*Demurrer to Evidence to Support Answer Properly Overruled.* A demurrer to the evidence to support such an answer as is outlined in the second paragraph of this syllabus, is properly overruled where it is based on the contention that the answer and cross-petition are inconsistent with each other.

4. SAME—*Demurrer to Evidence in Support of Cross-petition Should Be Sustained.* A demurrer to evidence introduced in support of such a cross-petition as is mentioned in paragraphs one and two of this syllabus, should be sustained where there is no evidence to prove loss of profits to the business.

5. SAME—*Instructions.* A complaint of an instruction, correct so far as it goes, is not good on appeal where no request was made for an instruction covering the proposition of which complaint is made.

6. SAME—*Judgment for Plaintiff Upon Defendant's Admission of Liability.* Where a party to an action prevails in the lower court and admits in his brief on appeal to this court that judgment should have been rendered against him for certain amounts, judgment will be so rendered.

Appeal from Norton district court; WILLARD SIMMONS, judge. Opinion filed July 7, 1923. Reversed.

*W. E. Mahin,* of Norton, for the appellant.
*Robert W. Hemphill,* of Norton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J: The plaintiff sued on an account to recover $782.57, the purchase price of automobile accessories sold to the defendant. The answer denied all the allegations of the petition,

denied the correctness of the account, and alleged that a settlement had been made for a portion of the items set out in the account; that $636.89 was for tires and tubes which had been sold by the plaintiff under an agreement that if the defendant was unable to dispose of them, the plaintiff would take them off his hands; that the defendant was unable to sell the tires and tubes and, under that agreement, returned a part of them, amounting to $571.92; that when the tires were purchased, the plaintiff guaranteed them to run 6,000 miles or more; that the tires did not fulfill the guaranty made; that when the tires and tubes were sold to the defendant, the plaintiff agreed to furnish a man to assist in selling them, but no man was furnished for that purpose; and that accessories, for which a charge of $33.03 was made, had not been ordered by the defendant. The answer was verified. The defendant filed a cross-petition in which he claimed damages to his business in the sum of $5,000, on account of the tires not fulfilling the guaranty made by the plaintiff. The cross-petition alleged that those damages had been caused by dissatisfied purchasers of the tires circulating reports concerning the failure of the tires to fill the guaranty and the failure of the plaintiff to make satisfactory adjustment on tires returned. Judgment was rendered in favor of the defendant for costs, and the plaintiff appeals.

1. The plaintiff contends that "the court erred in overruling the demurrer to the cross-petition." Two reasons are urged by the plaintiff for this contention. One is that "before his cross-petition could state a cause of action for damages, he must have affirmed the contract. He cannot, in the same pleading, both affirm and rescind and sue for damages." The other is that if the cross-petition stood alone as one pleading, it would be subject to a demurrer, and there is not sufficient allegation to show loss of profits. There was no motion to make the cross-petition more definite and certain, nor was the attention of the court in any other way called to the manner of pleading the damages. At this time, it must be held that the cross-petition stated a cause of action.

2. Another matter urged is that "the court erred in overruling the motion to require the defendant to elect on which he expected to stand, his answer or his cross-petition." The plaintiff says the defendant "cannot plead settlement which would naturally close the contract, and also plead rescission, and at the same time sue for damages." One difficulty with the plaintiff's argument is that the

Master Sales Company v. Sytsma.

defendant did not plead rescission of the contract. He pleaded that the contract provided for a return of the goods if he was unable to sell them, that he was unable to sell them, and that he returned most of them. Instead of rescinding the contract, he acted under it. When that difficulty is removed, the other contention of the plaintiff, that the answer and cross-petition are inconsistent with each other and both cannot stand, vanishes. They are not inconsistent.

3. Another contention is that "the court erred in overruling the demurrer to the evidence in support of defendant's answer." Underlying this contention is the argument that the answer and cross-petition were inconsistent with each other and that the defendant could not prevail under both. The answer was in response to the plaintiff's cause of action. The cross-petition set up the damages which the defendant claimed to have sustained because of the facts alleged in the answer. The defendant could plead those facts in defense to the plaintiff's cause of action and plead them as his cause of action against the plaintiff.

4. Plaintiff argues that the court "erred in overruling the demurrer to the evidence in support of defendant's cross-petition." This argument is based on the contention that there was no evidence to show loss of profits. In State v. Durkin, 65 Kan. 101, 68 Pac. 1091, this court said:

"Before one may recover damages for loss of profits to an established general business, occasioned by the wrongful acts of another, it must be made to appear that the business had been in successful operation for such period of time as to give it permanency and recognition, and that it was earning a profit which may reasonably be ascertained or approximated." (Syl.)

See, also, Artwein v. Link, 108 Kan. 393, 395, 195 Pac. 877, and cases there cited. There was no evidence to show loss of profits or damage to the business being conducted by the defendant. The demurrer to the evidence on the cross-petition should have been sustained.

5. Complaint is made of certain instructions given by the court. Part of the argument of the plaintiff is based on the contention that there cannot be a rescission of a contract in an action for damages arising out of the nonfulfillment of the guaranty. That contention has been disposed of by what has been said concerning rescission. The contract was not rescinded. The remainder of the argument concerning the instructions is based on the fact that the court did not instruct the jury that the defendant's measure of damages was

loss of profits and that no rule was given by which the jury could measure the damages sustained by the defendant. The instructions given were correct so far as they went, but they should have stated the rule for measuring the defendant's damages; however, the plaintiff did not request any such instruction. If he wanted such an instruction given, he should have requested it. His failure to make such request renders the error committed by the court unavailable. (*The State v. Rook*, 42 Kan. 419, 22 Pac. 626; *The State v. Davis*, 106 Kan. 527, 531, 188 Pac. 231.)

6. The defendant, in his brief, says—

"I presume if the answer stood alone, without the cross-petition, that plaintiff would have been entitled to a judgment of at least $64.97, as there is nothing in the pleadings or the proof made thereunder to offset that amount."

With no evidence to sustain the cross-petition and this admission on the part of the defendant, judgment should be rendered for the plaintiff for $64.97.

The judgment is reversed, and judgment is rendered in favor of the plaintiff for $64.97.