No. 28,898.

J. D. CAGE, *Appellee*, v. W. A. STALKER, *Appellant*.

(292 Pac. 773.)

Opinion filed November 8, 1930.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *A. E. Carroll,* of Alma, for the appellant.

*William Bowes,* of Alma, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued in replevin to recover 191 head of cattle and to recover damages for failure to furnish pasture for the cattle according to contract. The defendant in a cross petition sought to recover damages for violation of the contract by the plaintiff. There is now no controversy about the possession of the cattle. Judgment was rendered in favor of the plaintiff for $477.50 damages sustained by him by reason of the violation of the contract by the defendant. From that judgment the defendant appeals.

1. The defendant complains of the following instruction:

"I further instruct you, gentlemen of the jury, if you find by a preponderance of the evidence that the contract between the plaintiff J. D. Cage and the defendant W. A. Stalker was that Stalker was to pasture 270 head of cattle belonging to plaintiff J. D. Cage and was to furnish four acres of good grass land with sufficient grass to properly pasture these cattle, and he failed and neglected to do so, and plaintiff's cattle were damaged because of insufficient pasture, water, and salt being furnished them, then your verdict should be for the plaintiff J. D. Cage in such sum as the evidence shows, if any, he was damaged."

It is argued that the instruction was erroneous in many particulars: First, that the court allowed the jury to assess damages for 270 head of cattle when only 191 head were involved; second, that the jury was allowed to take into consideration shortage of salt; third, that the jury was allowed to take into consideration shortage of water; fourth, that the jury was allowed to use its discretion in assessing the amount of damages; and fifth, that the court did not enumerate the elements of damage. The instruction fully responded to the issues made by the pleadings and the evidence, and stated the law correctly except that the instruction named 270 head of cattle when only 191 head were involved. There was no controversy about the number of cattle. The number named in the instruction was apparently a clerical error and did not mislead either party to the action, nor the jury. No requested instructions are set out in the abstract. The court could have gone farther into the instruction; but under the rule that has been repeatedly declared by this court, the defendant should have asked for additional instructions if he wanted them. After his failure so to do, he cannot predicate error on the fact that the court did not instruct as fully as might have been done. (*State v. Davis,* 106 Kan. 527, 531, 188 Pac. 231; *Master Sales Company v. Sytsma,* 114 Kan. 120, 217 Pac. 291; *Briley v. Nussbaum,* 122 Kan. 438, 252 Pac. 223; *Skaer v. American Nat'l Bank,* 126 Kan. 538, 268 Pac. 801; Id., 127 Kan. 682, 275 Pac. 185. See, also, the cases cited in those opinions.)

2. The defendant argues that there was no evidence to show any damage to the plaintiff. The contract provided that there should be four acres of pasture for each one of the cattle. The evidence showed that there was much less than that number of acres for each one of the cattle and that the grass was short and the water scarce. Plaintiff testified that—

"The approximate weight of the cattle per head when I shipped them from Texas was 800 pounds. About the 1st of June they weighed approximately 700. The average gain per head of cattle the first month of pasture is about 100 pounds. The value of these cattle on the 1st of May, 1926, was about $60. Their value when I took them out in June was about $50."

There was an abundance of evidence to show that a shortage of grass did prevent an increase in the weight of the cattle. The contention of the defendant that there was no evidence to show damage to the plaintiff cannot be sustained.

The judgment is affirmed.