# JURCEC, Respondent, *v.* RAZNIK, Appellant.

(No. 7,614.)

(Submitted January 11, 1937.  Decided February 3, 1937.)

[64 Pac. (2d) 1076.]

*Mr. Harlow Pease,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. McCaffery & McCaffery,* for Respondent, submitted an original and supplemental brief; *Mr. Joseph J. McCaffery* argued the cause orally.

48

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to recover damages for the breach of a contract leasing certain premises by the defendant to the plaintiff for a term of five years. A verdict was found by the jury in favor of the plaintiff in the sum of $1,500. Judgment was entered in conformity with the verdict, and a motion for new trial was made and denied. The appeal is from the judgment.

The defendant in the year 1927 was erecting a building in the city of Butte. Prior to its completion, and on the 5th day of May, 1927, the defendant by a written agreement leased to the plaintiff the second floor, consisting of twenty rooms, of this building located at 236 East Park Street in that city, for a term of five years commencing August 1, 1927. The building was not completed on that date and was not ready for occupancy until February, 1928, when it was being occupied and was thereafter occupied by another tenant. The defendant declined, upon request, to put the plaintiff in possession. She brought this action to recover damages for the breach of this contract. It was the intention of the plaintiff to conduct a rooming house in the leased premises. She had been engaged in this business in the city of Butte since the year 1916, and for approximately five years prior to 1927 she had been engaged in the business at 309 East Mercury Street, where she had fourteen rooms. It appears from the record that at or about the time she was supposed to gain possession of the leased premises she removed from her then location, but soon thereafter, on determining that she

could not gain possession under her lease, returned to the location on Mercury Street and continued to operate her rooming house business there until some time during the year 1932. At the time she entered into the lease she paid $250 as a down payment on the rent, which has never been returned to her.

On the trial of the case plaintiff offered testimony, over objection, seeking to establish the loss of profits as a result of the breach of the contract. The court, over objection of counsel for the defendant, instructed the jury on the theory that plaintiff might recover for profits lost on account of the breach of this contract. Although a number of specifications of error are made on the admission of testimony and the instruction of the jury, the denying of the motion for nonsuit, the motion for directed verdict and the motion for new trial, the only question argued is, What was the measure of damages for the breach of this contract? Stated otherwise, Could the plaintiff in this action recover for the loss of anticipated profits?

Under our statutes, "no damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." (Sec. 8668, Rev. Codes; *Rocky Mountain Fire Ins. Co.* v. *Belcher*, 96 Mont. 409, 31 Pac. (2d) 316; *Brown* v. *Homestake Exploration Co.*, 98 Mont. 305, 39 Pac. (2d) 168.) Profits which are a mere matter of speculation cannot be the basis of recovery in suits for breach of contract, while profits which are reasonably certain may be. (*Smith* v. *Fergus County,* 98 Mont. 377, 39 Pac. (2d) 193.) We held in the last-cited case that prospective profits from farming operations may be ascertained with a reasonable degree of certainty; and when the evidence furnishes sufficient data to determine the value of prospective crops, they constitute a proper element of damage for breach of contract of lease; and evidence of the actual value of matured crops of like kind cultivated in the same period in the same vicinity and under substantially similar conditions, is admissible to prove such profits.

This court has held that where an established business is wrongfully interrupted by the landlord, recovery may be had for anticipated profits based upon the profits theretofore re-

ceived in the same location.    (*Blaustein* v. *Pincus,* 47 Mont. 202, 131 Pac. 1064, Ann. Cas. 1915C, 405.)

It is generally held that where the plaintiff was about to embark on a new business venture but was wrongfully prevented by the defendant, he can recover nothing on account of the expected profits, for there is nothing to prove that a profit would have been made.    (1 Sedgwick on Damages, 9th ed., sec. 183; *Central Coal & Coke Co.* v. *Hartman,* (C. C. A.) 111 Fed. 96; *Kenny* v. *Collier,* 79 Ga. 743, 8 S. E. 58; *Greene* v. *Williams,* 45 Ill. 206; *States* v. *Durkin,* 65 Kan. 101, 68 Pac. 1091; *Winslow Elevator & Machine Co.* v. *Hoffman,* 107 Md. 621, 69 Atl. 394, 17 L. R. A. (n. s.) 1130; *Gibson* v. *Hercules Mfg. & Sales Co.,* 80 Cal. App. 689, 252 Pac. 780; *Kettering Merc. Co.* v. *Sheppard,* 19 N. M. 330, 142 Pac. 1128.)

The new location where it was proposed by plaintiff to establish her rooming house business was three or four blocks distant from her previous location.    It is noteworthy that during substantially all, if not all, the term for which the premises were leased, she carried on her established rooming house business at her former location and thereby secured whatever profit she might realize from her established rooming house business. The new quarters were larger, and, according to her testimony, more desirable, as the rooms were newly constructed and better equipped.    She testified she made a profit during this period of time for her old established business.    However, in view of the fact that she received the profits from her established business, any additional profits would be those she might realize from expanded business; in other words, from a new business in a new and untried location.    In view of this situation, plaintiff's attempt to recover additional profits comes within the rule, supra, that recovery may not be had for loss of profits in a new business.    Accordingly, the trial court was in error in admitting testimony tending to establish these profits, and also in instructing the jury that recovery might be had for profits in this action.

The proper measure of damages in this case was the difference between the price agreed to be paid as rent and the reasonable value of the term agreed upon at the time of the

breach of the contract, and any expenses properly incurred in preparing to enter upon the premises, including any moving expenses incurred in reliance upon the lease agreement, as provided by section 8672, Revised Codes.

The trial court, in view of the theory it had adopted, very properly took from the consideration of the jury the matter of the down payment of $250, which would be a proper subject of recovery if the action was tried upon the proper theory.

The judgment is reversed and the cause remanded to the district court of Silver Bow county with direction to grant defendant's motion for a new trial.

ASSOCIATE JUSTICES STEWART, ANGSTMAN and MORRIS concur.

MR. CHIEF JUSTICE SANDS, having been absent on account of illness when this case was under consideration, takes no part in the above decision.

Rehearing denied February 19, 1937.