No. 13137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

CREDIT COUNSELLORS, INC., a corporation,

                    Plaintiff,

    -vs-

FRED JONES d/b/a ROCKING J. MOTEL, and
MRS. FRED JONES, his wife,

                    Defendants.
--------------------------------------------
HARRIET  JONES d/b/a ROCKING J. MOTEL,
and FRED JONES, SR.,

                    Third Party Plaintiffs and Respondents,

    -vs-

PETROLANE STEELGAS, INC., a corporation,

                    Third Party Defendant and Appellant.

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Truman Bradford, Judge presiding.

Counsel of Record:

    For Appellant:

        S. M. Swanberg argued, Great Falls, Montana

    For Respondents:

        Church, Harris, Johnson & Williams, Great Falls,
          Montana
        Milton O. Wordal argued, Great Falls, Montana

                            Submitted:  December 2, 1975

                            Decided: FEB - 6

Filed:

_Thomas J. Kearney_
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Cascade County, in an action on an account. The judgment allowed plaintiff the amount asked for in its complaint, and defendants the sum of $2,825.58 for damages suffered as set forth in their cross complaint.

Defendants and third party plaintiffs, Fred Jones, Sr. and Harriet Jones, d/b/a Rocking J. Motel, hereinafter referred to as Jones, contracted with Petrolane Steelgas Inc., hereinafter referred to as Petrolane, in July 1969 for the purchase and installation of 5 Peerless Propane Gas-Fired wall heaters for the sum of $809.47, including installation. In addition, they signed a lease for a propane storage tank to store the fuel for the heaters which provided for a rental of $35 per year. The heaters were installed in cabins of the Rocking J. Motel which is owned and operated by Jones in Monarch, Montana.

Soon after the heaters were installed by a representative of Petrolane, together with the storage tank and the necessary piping to connect the cabins, Jones experienced problems in the operation of the heaters. Occupants of the cabins complained they could not control the level of heat produced by the heaters, the odor of gas and the inability to keep the heaters lighted. Petrolane made numerous efforts to remedy the defects, including at least ten round trips of over 100 miles each, for which no charge was made. The problems continued in spite of Petrolane's efforts.

Jones continued to use the heaters and Petrolane periodically delivered propane gas as the needs required. Jones testified that on one occasion the motel was closed for a month. Fred Jones testified that he lost some 300 gallons of propane due to leakage in the line.

Throughout the period from July 1969 until November 1972, when Jones ordered the heaters removed, Jones refused to pay for the heaters until they were operating in a satisfactory manner. Jones did make periodic payments for gas delivered by Petrolane. Petrolane argues the heaters were removed because they were not paid for by Jones.

Testimony indicates that during the three years there was a running account between the parties covering the heaters, the installation, and the storage tank and installation of it. Evidence revealed that Jones paid Petrolane approximately $1,390 on this running account for gas delivered plus tank rental, and that Jones was given a credit of $375 at the time the heaters were removed. Petrolane's evidence indicated that following the credit, the account balance owed by Jones was $764.70, consisting of these amounts:

| | |
|---|---:|
| Unpaid portion for heaters and installation | $434.47 |
| One year tank rental | 35.00 |
| Propane gas delivered | 295.23 |
| Total | $764.70. |

When Jones refused to pay the account Petrolane turned the account over to plaintiff Credit Counsellors, Inc. for collection. Jones denies he owed the sum alleged due because of the faulty operation of the heaters and the loss of business suffered.

Fred Jones testified that he replaced the gas heaters with 220 volt baseboard electric heaters and they provided adequate heat, and there was no substantial increase in the cost of heat for the motel. He further testified that during the period the gas heaters were in the cabins he lost numerous motel guests due to the defective heaters, and that the smell of gas alarmed the guests. Schedules from Jones' income tax returns were introduced into evidence to show the gross and net income figures for the motel's operation during the years 1969 to 1972, the years the gas heaters were in operation.

| Year | Gross | Net | Expense |
|------|-------|-----|---------|
| 1969 | $2,873.74 | ($2,755.80) | $5,629.54 |
| 1970 | 3,175.50 | ( 4,289.57) | 7,465.37 |
| 1971 | 3,186.00 | ( 3,186.00) | 6,618.00 |
| 1972 | 1,317.00 | ( 2,080.57) | 3,397.57. |

For the two years after the gas heaters were removed and the electric heaters installed the tax returns indicated:

| Year | Gross | Net |
|------|-------|-----|
| 1973 | $6,159.34 | $1,378.44 |
| 1974 | 8.878.00 | 1,550.11. |

On the basis of the above facts and figures, the trial court concluded:

> "1. The JONESES failed to reject the faulty gas heaters within a reasonable time and are therefore obligated under their contract for the purchase and installation of the heaters and for the unpaid portion of the account relating to deliveries of propane gas and to storage tank rental. JONESES owe to Plaintiff, CREDIT COUNSELLORS, INC., the account balance of SEVEN HUNDRED SIXTY-FOUR DOLLARS AND SEVENTY CENTS ($764.70) together with interest thereon at the rate of SIX PER CENT (6%) per annum from and after November 1, 1972, the approximate date of the removal of the faulty heaters by PETROLANE.

> "2. PETROLANE owes to the JONESES the cost of the lost propane gas (300 gallons times $.235 equals $70.50) together with damages suffered by the JONESES due to the faulty operation of the heaters. The Court concludes that the JONESES are entitled to recover the amount of their operating loss for the first year during which the heaters were installed, 1969, in the amount of TWO THOUSAND SEVEN HUNDRED FIFTY-FIVE DOLLARS AND EIGHT CENTS ($2,755.08), but to have no recovery for the losses suffered in subsequent years because of their failure to mitigate damages by removing the heaters at the end of the first year."

In view of the fact this cause is being returned to the trial court, we note that the above conclusions of the trial court are, in our opinion, contradictory and would require reversal because of the speculative nature of the damages found in the counterclaim.

On appeal this Court is asked to consider whether there was sufficient evidence to allow the trial court to find for Jones on the counterclaim in the amount of $2,825.58.

The above amount comprises a recovery for $70.50 for lost propane gas and $2,755.08 for loss of business in the motel during the first year, 1969-70, that the heaters were installed.

- 4 -

We find, based on the evidence introduced by Jones, that this first year's loss figure is too speculative and too remote to come within the general rule as set forth in Harrington v. Moore Land Co., 59 Mont. 421, 423, 196 P. 975:

> "'For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom.' * * * 'No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin.'"

This Court recently in Lovely v. Burroughs Corporation, 165 Mont. 209, 527 P.2d 557, 562, 31 St.Rep. 824, 829, speaking to the general rule, held:

> "Damages may properly be awarded when they serve to compensate the plaintiff for detriment proximately caused by the defendant. Section 17-301, R.C.M. 1947. Before an award can be made, the damages must be clearly ascertainable in both their nature and origin. Section 17-302, R.C.M. 1947. Damages which are a matter of mere speculation cannot be the basis of recovery. Laas v. Mont. Hwy.Comm'n, 157 Mont. 121, 483 P.2d 699; Cruse v. Clawson, 137 Mont. 439, 352 P.2d 989; Jurec v. Raznik, 104 Mont. 45, 64 P.2d 1076."

The judgment is reversed and the cause remanded for a new trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

Mr. Justice Gene B. Daly did not participate in this Opinion.